# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | :    CASE NO: 7:20-CR-52 WLS-TQL-1 |
| | : |
| ERIC MORGAN BECK, | : |
| | : |
| Defendant. | : |
| _____ | : |

## ORDER

     Presently before the Court is Defendant Beck's *pro se* "Motion under Nunc Pro Tunc" (Doc. 101). Therein, Defendant contends that Federal Bureau of Prisons (BOP) "miscalculated" his sentence regarding the time he already served as to the "115 months imprisonment" that was to be served concurrently to his state probation revocation sentence from the Colquitt County Superior Court.

     In regard to the instant Motion (Doc. 101), the U.S. Probation Office (USPO) sent the Court a memorandum, recommending the Court to deny Defendant's Motion. USPO contends that contrary to Defendant's arguments, the sentence computation in the instant case is correct and that the BOP correctly recalculated Defendant's federal imprisonment time in accordance with 18 U.S.C. § 3585(b).

     Upon review of the Defendant's Motion, USPO's memorandum to the Court, and relevant law, Defendant's Motion (Doc. 101) is **DENIED**.

     Previously, Defendant was sentenced to 115 months imprisonment, after he entered a plea of guilty to Possession of a Firearm by a Convicted Felon, and the sentence was ordered to be served concurrently to the State Probation Revocation sentence, which had been imposed in Colquitt County, Georgia Superior Court, Case No: 15-CR213. (Docs. 99; 98; 86). The Court further ordered that Defendant's sentence would be followed by three (3) years of supervised release. (Docs. 98; 99). The USPO notes that Defendant's state revocation sentence in Colquitt County is not scheduled to expire until July 21, 2027.

Pursuant to 18 U.S.C. § 3585(b), a defendant

shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—

(1) As a result of the offense for which the sentence was imposed; or

(2) As a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

that has **not been credited against another sentence**.

18 U.S.C. 3585(b)(1)-(2) (emphasis added). Here, USPO explains that a review of the BOP sentence computation in the instant case shows that Defendant's federal imprisonment time has been correctly recalculated in accordance with § 3585(b). 18 U.S.C. § 3585(b)(1)-(2); *see United States v. Wilson*, 503 U.S. 329, 337 (1992) ("Congress made clear that a defendant could not receive a double credit for his detention time."); *Castillo v. Fed. Corr. Inst. of Tallahassee*, 163 F. App'x 803, 804 (11th Cir. 2006) (holding that under § 3585(b), a federal prisoner was not entitled to credit for time served before the imposition of the federal sentence because that time period was credited against the state sentence). Upon review of the Judgement (Doc. 98), Statement of Reasons (Doc. 99), and the USPO's memorandum, the Court agrees with the USPO and finds that that Defendant's federal time has been correctly calculated per § 3585(b) and thus **DENIES** Defendant's Motion (Doc. 101).[1]

**SO ORDERED**, this 30th day of May 2024.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**

---

[1] It appears that Defendant is under the mistaken view that "concurrent," as imposed by the Court, relates back to the beginning of the state-imposed sentence, which preceded the imposition of sentence in the captioned case. It does not.

2